IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | Case No. 09-24910-GLT |
| STEPHEN MESICH, | Chapter 13 |
| Debtor. | |
| STEPHEN MESICH, | |
| Movant, | Related to Doc. Nos. 47 and 76 |
| v. | |
| PHH MORTGAGE CORPORATION, | |
| Respondent. | |

## SUMMARY ORDER [1]

This matter is before the Court upon the *Objection* [Doc. No. 48] (the "Claim Objection") of the Debtor, Stephen Mesich, to the claim of PHH Mortgage Corporation ("PHH") and the *Motion for Relief From the Automatic Stay* [Doc. No. 76] (the "Motion") filed by PHH. Having held an evidentiary hearing, the Court sustains the Debtor's Claim Objection. The Court finds that the prepetition arrearage on the PHH claim is $14,901.73, and therefore the claim is modified accordingly. The Court denies PHH's Motion.

## BACKGROUND

The Debtor is the owner of residential real property on Brereton Street in Pittsburgh, Pennsylvania. The property is encumbered by a mortgage lien held by PHH to secure a loan obligation in the original principal amount of $96,000. The loan was originated in January 2002.

---

[1] This is a Summary Order and it is not intended for publication.

{00011536 - 3/12/2014 02:35 PM}

The current bankruptcy case was commenced on July 1, 2009 (the "Petition Date") when the Debtor filed his petition for relief under chapter 13 of the Bankruptcy Code. PHH subsequently filed a proof of claim in the secured amount of $116,016.36 (the "PHH Claim"). The PHH Claim included a prepetition arrearage of $38,182.41.

The Debtor filed the Claim Objection on the basis that PHH failed to account for all payments made during the life of the loan. The Debtor also contested specific charges contained within the PHH Claim, including an unidentified prepetition advance in the amount of $7,445. The Debtor claims these charges should be disallowed because they are unrelated to the servicing of the loan obligations.

PHH contends that it accurately credited the Debtor's account for all payments received. The $7,445 charge represents a payment advanced by PHH to American Security Insurance Company ("American Security") for force-place hazard insurance on the property. PHH obtained the insurance in November 2004 because it believed the property was uninsured at the time. A refund in the amount of $1,037 was subsequently issued for a portion of the insurance premium, thereby reducing the net cost of the insurance to $6,408.

PHH also requested relief from the automatic stay. In its Motion, PHH claims the property has a fair market value of $225,000, but it is encumbered by liens totaling approximately $265,000.[2] [Doc. No. 76]. PHH also asserts that its interest in the property is not adequately protected because the Debtor is delinquent in his chapter 13 plan payments.

The Court conducted an evidentiary hearing on both the Claim Objection and the Motion. At the hearing, the parties significantly narrowed the scope of their dispute to the following issues: (1) Whether the premium cost of a force-place insurance policy may be

---

[2] PHH asserts that aside from the $113,543 due under its mortgage (as of the date the Motion was filed), two judgments totaling approximately $152,000 have been levied against the property.

included in the allowed claim of PHH; and (2) Whether PHH is entitled to relief from the automatic stay. The matter is now ripe for determination.

## DISCUSSION

This matter is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(B) and (G) and this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b). This Order constitutes the Court's findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052. The Court will address each pending issue separately.

1. **Objection to the PHH Claim**

Pursuant to Federal Rule of Bankruptcy Procedure 3001, "[a] proof of claim executed and filed in accordance with [the Federal Rules of Bankruptcy Procedure] shall constitute prima facie evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f). In other words, the claimant bears the initial burden to "allege sufficient facts to establish the prima facie validity of the claim." In re Wolfe, 378 B.R. 96, 102 (Bankr. W.D. Pa. 2007) (citing In re Allegheny Int'l, Inc., 954 F.2d 167, 173 (3d Cir. 1992)). When an objection to a claim is filed, the burden shifts to the objecting party to produce evidence to overcome the prima facie validity of the claim.[3] Id. "If the objector succeeds in this regard, the burden then shifts to the claimant to prove the validity of the claim by a preponderance of the evidence." Id.

With respect to the Claim Objection, the sole issue for determination at this time is the amount of the prepetition arrearage owed to PHH. In particular, the parties dispute whether PHH may include the cost of the force-place insurance premium in its claim.

---

[3] Federal Rule of Bankruptcy Procedure 3007 governs objections to claims.

3

### A.   The Debtor Self-Insured the Property

The Debtor contends the premium was unnecessary because he maintained an insurance policy on the property at all relevant times without a lapse in coverage.[4] The Debtor testified that he obtained a policy from Erie Insurance that continuously covered the property from 2001 through 2005, including the period when PHH purchased its policy from American Security.

PHH did not challenge the Debtor's testimony regarding the Erie Insurance policy. Rather, it claims it was unaware that an insurance policy covered the property in 2004, and instead was compelled to obtain its own insurance to protect the collateral. The Debtor testified that he was unaware PHH obtained a separate insurance policy until it filed the PHH Claim.

The Court finds that the Debtor presented sufficient evidence to rebut the validity of PHH's prima facie claim with respect to the costs of force-place insurance. It was therefore incumbent upon PHH to supplement the record with additional factual support for its claim. While PHH supplied a payment history for the loan, it did not produce any evidence regarding the need for force-place insurance. Absent conflicting evidence, the Court relies on the Debtor's testimony that he maintained insurance on the property at all relevant times. Because adequate coverage already existed, it was unnecessary for PHH to obtain an additional policy.

### B.   Calculation of Prepetition Arrearage

Having decided that the force-place insurance policy was unnecessary, the Court now will determine the prepetition arrearage portion of the PHH Claim. The parties stipulated to both the interest and expenses which accrued on the loan obligations, as well as the amount of all

---

[4]   The mortgage documents did not require the Debtor to fund an escrow account with the lender for the payment of insurance expenses. As a result, the Debtor was responsible for making all premium payments directly to his insurance carrier.

4

payments made by or on behalf of the Debtor.[5] Utilizing these figures, the Court finds that a total of $94,242.47 came due under the loan prior to the Petition Date. This sum represents principal, interest accrual, and expenses which became payable under the loan documents without acceleration. The Court also finds that PHH received payments totaling $72,932.74 on account of the Debtor's obligations. After deducting the payments from the total loan obligations, the Court arrives at a gross arrearage of $21,309.73. Since this amount includes the disallowed $6,408 insurance premium, a further adjustment reduces the total prepetition arrearage to $14,901.73.[6]

For the foregoing reasons, the Court sustains the Debtor's objection. The prepetition arrearage owed to PHH is $14,901.73.[7]

## 2. Request for Relief from Stay

The Court now turns to PHH's request for relief from the automatic stay. Pursuant to section 362(d) of the Bankruptcy Code:

---

[5] The Debtor commenced a prior chapter 13 bankruptcy proceeding at Case No. 05-25287-JKF. Accordingly, certain loan payments were made by the chapter 13 trustee to PHH on the Debtor's behalf from April 27, 2005 to June 17, 2009.

[6] A detailed breakdown of the Court's calculation is as follows:

| | | |
|---|---|---|
| Prepetition principal and interest due | $60,412.50 | |
| Payments advanced by PHH | $30,130.01 | |
| PHH fees and expenses | $3,699.96 | |
| **Total Obligations:** | | **$94,242.47** |
| | | |
| Less: Payments made by the Debtor | ($32,986.79) | |
| Less: Payments made by the trustee | ($37,340.96) | |
| Less: Arrears payments made by the trustee | ($2,604.99) | |
| **Total Credits:** | | **($72,932.74)** |
| | | |
| Less: Disallowed force-place insurance premium | | **($6,408.00)** |
| **Total Prepetition Arrearage:** | | **$14,901.73** |

[7] No evidence was presented with respect to the allowed amount of the PHH Claim. Thus, the Court makes no determination as to PHH's claim other than the amount of the prepetition arrears.

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
>
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;
>
> (2) with respect to a stay of an act against property under subsection (a) of this section, if—
>
>> (A) the debtor does not have an equity in such property; and
>>
>> (B) such property is not necessary to an effective reorganization . . . .

11 U.S.C. § 362(d).

Whether the moving party has "cause" for relief must be determined on a case-by-case basis considering a totality of the circumstances. In re Wilson, 116 F.3d 87 (3d Cir. 1997). While the party moving for relief has the burden to prove that the debtor lacks equity in the property, it is the opposing party's burden to prove all other issues, including whether cause exists to support relief from stay and whether the property is necessary to an effective reorganization. See 11 U.S.C. § 362(g); Nazareth Nat. Bank v. Trina-Dee, Inc., 731 F.2d 170, 171 (3d Cir. 1984).

The Motion is denied. PHH presented no evidence at the hearing to bolster its request, thereby leaving the Court to consider the merits solely upon the Debtor's testimony and the matters already of record. Through its review, the Court finds the Debtor is currently making his payments through the chapter 13 plan. A portion of the plan payments are disbursed to PHH to maintain the Debtor's obligations under the mortgage loan. Accordingly, PHH's interest in the property is adequately protected at this time. Furthermore, the property constitutes the Debtor's residence and allowing PHH to exercise its state-law remedies at this stage would

unduly disrupt his efforts to reorganize his debts through this chapter 13 bankruptcy case. For these reasons, the Court concludes that relief from the stay is not justified.

Dated: March 13, 2014

_____
GREGORY L. TADDONIO
UNITED STATES BANKRUPTCY JUDGE